IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-00962-REB-PAC

CORAZON FOX, and
JOHNEARL FOX

      Plaintiff(s),

v.

VITAMIN COTTAGE NATURAL GROCERS,
KEMPER ISLEY,
HEATHER ISLEY,
TIM KING,
PAT FRITZLER, and
LINDA BENEVADIZ,

      Defendant(s).

---

## ORDER

Patricia A. Coan, United States Magistrate Judge

This is a *pro se* action under Title VII of the Civil Rights Act of 1963, 42 U.S.C. §2000e, *et seq.,* as amended, and as amended by the 1991 Civil Rights Act.  The matter before the court is a Request for United States Marshals Service to Serve Process Submitted by the Plaintiffs [filed June 21, 2005].

Plaintiffs ask the court to order service by the United States Marshals Service because plaintiffs cannot afford to hire a process server and do not feel comfortable entering the defendants' premises to accomplish service themselves.

Under Fed.R.Civ.P. 4(c)(2), the court must order the United States Marshal to effect service of process if the plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915, or if the plaintiff has been authorized to proceed as a seaman

under 28 U.S.C. §1916.  Plaintiffs did not request leave to proceed *in forma pauperis* under 28 U.S.C. §1915,[1] but instead paid the filing fee in full.[2]

Fed.R.Civ.P. 4(c)(2) also authorizes the court to direct the United States Marshal to effect service at the request of a plaintiff who has paid the full filing fee.   However, the Advisory Committee Notes to Rule 4 state that the plaintiff should try to effect service by some other means provided for in the Rule before asking the court to direct a Marshal to serve the summons and complaint.   *See* Amendments to the Federal Rules of Civil Procedure, Advisory Committee Note, 93 F.R.D. 255, 262 (1983); Changes in Federal Summons Service under Amended Rule 4 of the Federal Rules of Civil Procedure, Advisory Committee Note, 96 F.R.D. 81, 127 (1983); 4A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 3d §1090 at 473-75 (2002).

Plaintiffs should attempt to accomplish service by obtaining a waiver of service from each defendant under Fed.R.Civ.P. 4(d)(2).   The Rule sets forth the procedures for obtaining waivers of service.   If a defendant fails to comply with the request for waiver, the court will impose the costs subsequently incurred in effecting service upon that defendant, unless good cause for the failure to waive service is shown.   *Id.*   Accordingly, it is

**HEREBY ORDERED** that the Request for United States Marshals Service to Serve Process Submitted by the Plaintiffs [filed June 21, 2005] is **DENIED WITHOUT**

---

[1]Section 1915(a) provides that a federal court may authorize the commencement of an action without prepayment of fees and costs by a person who avers that he or she is unable to pay such costs or give security therefor.  *See, also,* 42 U.S.C. §20000e-5(f)(1)(authorizing the commencement of a Title VII action without prepayment of fees).

[2]Plaintiffs state that they did not file a motion to proceed *in forma pauperis* ("IFP motion") because the ninety-day limitations period for filing their Title VII action, *see* 42 U.S.C. §2000e(f)(1), would have expired while that motion was being processed.  I note that the statute of limitations is tolled while an IFP motion is pending. *See Jarrett v. U.S. Sprint Communications Co.*, 22 F.3d 256, 259 (10th Cir. 1994).

**PREJUDICE.**  Plaintiffs may renew their motion if their efforts to obtain waivers of service from the defendants are unsuccessful.

Dated July 7, 2005.

BY THE COURT:

s/ Patricia A. Coan
PATRICIA A. COAN
United States Magistrate Judge